UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARRYL WEBB, <br><br> Plaintiff, <br><br> v. <br><br> SELENE FINANCE, LP <br> and CANEEL GROUP, LLC, <br><br> Defendants. | CIVIL COMPLAINT <br><br> CASE NO. 1:16-cv-10200 <br><br> DEMAND FOR JURY TRIAL |

**COMPLAINT FOR RELIEF PURSUANT TO THE FAIR DEBT
COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER
PROTECTION ACT AND THE BANKRUPTCY DISCHARGE INJUNCTION**

NOW comes DARRYL WEBB ("Plaintiff") by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining of the conduct by SELENE FINANCE, LP ("Selene") and CANEEL GROUP, LLC ("Caneel" and collectively with Selene, "Defendants") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227, the Bankruptcy Discharge Injunction ("Discharge Injunction") under 11 U.S.C §524 and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/10a for Defendants' unlawful practices.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331, 1334 and

1

1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Northern District of Illinois and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

**PARTIES**

4. Plaintiff is a 53 year old natural person residing within the Northern District of Illinois.

5. Plaintiff is a "consumer" as defined by §1692a(3) of the FDCPA.

6. Plaintiff is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

7. Plaintiff was a "debtor" as defined by 11 U.S.C §101(13) of the Bankruptcy Code.

SELENE

8. Selene "is a residential mortgage company with strong experience in all aspects of mortgage loan servicing."[1] Operating as a limited partnership under Delaware law, Selene has a headquarters located at 9990 Richmond Avenue, Suite 400, Houston, Texas.

9. Selene is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

10. Selene is a "creditor" as defined by 11 U.S.C §101(10) of the Bankruptcy Code.

11. Selene acted through its agents, employees, officers, members, directors, heirs, successors, assigs, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

CANEEL

12. Caneel identifies itself by stating it, "Works with Investment Banks, Hedge Funds and other Investors of NPL's to mitigate loss by truncating traditional resolution timelines. By

---

[1] http://www.selenefinance.com/About.aspx

leveraging existing and proprietary technology with the backdrop of a seasoned and highly educated workforce, Caneel Group has been proxy to the workout of more than $3 billion in distressed debt across multiple asset classes."[2] Operating as a limited liability corporation formed under Delaware law, Caneel has a headquarters located at 59 N. Lakeview Drive, Gibbsboro, New Jersey.

13. Caneel is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

14. Caneel is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

15. Caneel is a "creditor" as defined by 11 U.S.C §101(10) of the Bankruptcy Code.

16. Caneel acted through its agents, employees, officers, members, directors, heirs, successors, assigs, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

17. In order to fund the purchase of his former primary residence, 1041 Forest Hill Street, Calumet City, Illinois ("subject real property"), Plaintiff incurred a mortgage loan ("subject consumer debt") serviced through Selene.

18. Due to a downturn in the economy and housing market, Plaintiff defaulted on his payments to Selene for the subject consumer debt in approximately June 2012.

19. With the goal of destroying his personal liability on the subject consumer debt, Plaintiff consulted with Sulaiman regarding his rights in late 2012.

---

[2] https://www.linkedin.com/company/caneel-group-llc

20. On December 31, 2012, Plaintiff caused to be filed a Chapter 7 petition in the United States Bankruptcy Court for the Northern District of Illinois, under case number 1:12-bk-50954 ("Bankruptcy Case"). *See* attached Exhibit A is a true and correct copy of the docket from the Bankruptcy Case.

21. As part of the Bankruptcy Case, Plaintiff caused to be filed a Schedule D in which he listed his secured creditors, including Selene. *See* attached Exhibit B is a true and correct copy of the Schedule D filed in the Bankruptcy Case.

22. By virtue of being listed as a secured creditor, Selene received notice of the Bankruptcy Case and actively participated in it through counsel.[3]

23. Plaintiff did not reaffirm his personal obligation on the subject consumer debt. *See* Exhibit A.

24. On April 24, 2013, Plaintiff was granted a discharge of his personal liability on the subject consumer debt under 11 U.S.C §727. *Id*.

25. Selene and its attorneys received notice of Plaintiff's discharge from the Bankruptcy Notice Center ("BNC"). *See* attached Exhibit C is a true and correct copy of the discharge order and certificate of service sent to Selene by the BNC.

26. The discharge order stated in part, "**Collection of Discharge Debts Prohibited** The discharge prohibits any attempt to collect from the debtor a debt that has been discharged…A creditor who violates this order can be required to pay damages and attorney's fees to the debtor." *See* Exhibit C.

27. The Bankruptcy Case was closed on April 29, 2013. *See* Exhibit A.

---

[3] On April 2, 2013, attorney Keith Levy of Manley Deas Kochalski, LLC, filed an appearance on behalf of Selene.

28. Following the discharge of his liability on the subject consumer debt, Plaintiff attempted a loan modification through Selene, making several trial payments.

29. Ultimately, Plaintiff decided that he could not maintain the subject real property and ceased making the trial payments to Selene.

30. In response to Plaintiff's default, foreclosure proceedings were initiated against the subject real property in the Cook County Circuit Court under case number 16 CH 07734.

31. In approximately April 2016, Plaintiff received phone calls from various representatives of Selene, including Katrina Rajkowski ("Rajkowski").

32. During April and May 2016, Selene placed several calls to Plaintiff's work and cellular phone numbers.

33. When Plaintiff answered calls from Selene, he would experience an approximately three second pause and hear a click before Rajkowski or another live representative began speaking.

34. The phone number that Selene often called Plaintiff from was (713) 625-2000.

35. Upon information and belief, the phone number ending in 2000 is regularly utilized by Selene during its debt collection activities.

36. Selene called Plaintiff for a variety of reasons including seeking payment on the subject consumer debt and getting him to agree to a release in order to take possession of the subject real property.

37. Plaintiff specifically told Selene to stop contacting him on numerous occasions, including on May 13, 2016.

38. Selene continued calling Plaintiff after he requested that it stop.

39. On or around May 16, 2016, Selene caused to be sent to Plaintiff a correspondence, including a payment ledger, seeking collection of the subject consumer debt. *See* attached Exhibit D are true and correct copies of correspondences sent to Plaintiff by Selene.

40. Upon information and belief, Selene engaged the services of Caneel to contact Plaintiff after he refused to speak with it and while he was in default on the subject consumer debt.

41. On or around June 13, 2016, Caneel began contacting Plaintiff on behalf of Selene.

42. Caneel caused to be sent to Plaintiff a correspondence in which it made the assertion that it was not a debt collector and was not attempting to collect payments on the subject consumer debt. *See* attached Exhibit E is a true and correct copy of correspondence sent to Plaintiff by Caneel.

43. The correspondence included several paragraphs which confused Plaintiff regarding his rights and responsibilities on the subject consumer debt. *See* Exhibit E.

44. In addition to sending correspondence to Plaintiff, Caneel placed several calls to his work and cellular phone numbers.

45. When Plaintiff answered calls from Caneel, he would experience an approximately four second pause and hear a click before a live representative began speaking.

46. Confused over Defendants' conduct, Plaintiff spent time consulting with Sulaiman regarding his rights.

47. Plaintiff has suffered charges and expenses that he would not have otherwise incurred if not for Defendants' calls, including the loss of cellular phone capacity.

48. Plaintiff has suffered financial loss as a result of Defendants' conduct.

49. Plaintiff has been unfairly harassed by Defendants' actions.

50. Plaintiff's job performance has been negatively impacted by Defendants' actions.

51. Plaintiff has suffered concrete harm as a result of Defendants' actions

52. Plaintiff has been compelled to question the validity of the Bankruptcy Case and protections afforded to him. He has been forced to revisit a very challenging and embarrassing point in his life as a result of Defendants' collection actions.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT AGAINST SELENE

53. Plaintiff repeats and realleges paragraphs 1 through 53 as though fully set forth herein.

54. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

55. Selene used an ATDS in connection with it communications directed towards Plaintiff. The three second pause and click that Plaintiff experienced during answered calls before being connected to a live representative of Selene is instructive that an ATDS was being used to generate them.

56. Selene violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without his consent. Any consent Plaintiff *may* have given to Defendant was explicitly revoked not only by the Bankruptcy Case and subsequent discharge but also by his demands for it to stop contacting him. Plaintiff clearly conveyed to Selene that he was no longer interested in pursuing a loan modification or staying in the subject real property. Despite this fact, Selene continued to contact Plaintiff on his cellular phone, using an ATDS, without his permission.

7

57. The calls placed by Selene to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

58. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Selene is liable to Plaintiff for at least $500.00 per call. Moreover, Selene's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, DARRYL WEBB, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

   c. Awarding Plaintiff costs and reasonable attorney fees; and

   d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT AGAINST CANEEL

59. Plaintiff repeats and realleges paragraphs 1 through 59 as though fully set forth herein.

60. Caneel used an ATDS in connection with it communications directed towards Plaintiff. The four second pause and click that Plaintiff experienced during answered calls before being connected to a live representative of Caneel is instructive that an ATDS was being used to generate them.

61. Caneel violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without his consent. Plaintiff had no relationship with Caneel nor did he request contact

from it. Even if Caneel was acting as an agent of Selene, it did not have consent to contact Plaintiff on his cellular phone as he instructed Selene not to contact him.

62. The calls placed by Caneel to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

63. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Caneel is liable to Plaintiff for at least $500.00 per call. Moreover, Caneel's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, DARRYL WEBB, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AGAINST CANEEL

64. Plaintiff repeats and realleges paragraphs 1 through 64 as though fully set forth herein.

65. Caneel violated 15 U.S.C. §§1692c(a)(1), d, e, e(2)(A), e(10), e(11), f, f(1) and g through its debt collection activities. In its initial communication with Plaintiff, Caneel made the blanket assertion that it was not a debt collector or attempting to collect on a debt. However, acting as an agent of Selene with a vested financial interest in the handling of the subject consumer debt and subject real property, performed the functions of a debt collector. The

correspondences that Selene sent to Plaintiff contained several misleading and false statements. Plaintiff had already destroyed his financial liability on the subject real property by virtue of his bankruptcy filing. However, Caneel's correspondence stated otherwise, causing Plaintiff to be confused about his legal rights.

66. At no time during its contacts with Plaintiff did Caneel comply with the spirit or provisions of the FDCPA. By self-servingly representing to Plaintiff that it was not a debt collector, Caneel freed itself of the burdens of compliance with the FDCPA.

67. As plead in paragraphs 47 through 53, Plaintiff was harmed by Caneel's illegal collection actions.

WHEREFORE, Plaintiff, DARRYL WEBB, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

   c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

   d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

   e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT IV – VIOLATIONS OF THE BANKRUPTCY DISCHARGE INJUNCTION AGAINST DEFENDANTS

68. Plaintiff repeats and realleges paragraphs 1 through 68 as though fully set forth herein.

69. Pursuant to 11 U.S.C. § 524(a)(2), a discharge order "operates as an injunction" against acts to collect on discharged debt. Section 524(a)(2) enjoins an act to collect a discharged debt,

so a creditor that attempts to collect a discharged debt is in contempt of the bankruptcy court that issued the order of discharge. *Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 915 (7th Cir. 2001).

70. Selene was notified of, and actively participated in, the Bankruptcy Case. This notice flowed down to its agent, Caneel. Despite this knowledge, both Defendants actively engaged in collection activity on the subject consumer debt. Selene had every right to foreclose on the subject real estate by exercising a foreclosure proceeding. However, Selene did not stop there. It attempted to collect on the subject consumer debt by sending Plaintiff correspondences listing a balance and including a payment ledgers. Additionally, both Defendants called Plaintiff numerous times under the guise of loss mitigation options. Plaintiff clearly conveyed his disinterest in whatever Defendants purported to offer. There was no reason for Defendants to continue their contacts but for collection on the subject consumer debt.

71. The correspondences that Defendants sent to Plaintiff were confusing and have caused him to question the effect of his Bankruptcy Case. In order to protect the spirit and purpose of the discharge, as well as to give Plaintiff the fresh start that Congress intended, this Honorable Court should impose civil contempt sanctions and punitive damages upon Defendants for their willful disregard and knowingly fraudulent conduct.

WHEREFORE, Plaintiff, DARRYL WEBB, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b. Awarding Plaintiff actual and punitive damages, in amounts to be determined at trial, as provided under 11 U.S.C. §524;

   c. Awarding Plaintiff costs and reasonable attorney fees;

   d. Enjoining Defendants from engaging in further collection activity against Plaintiff; and

 e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT V – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICE ACT AGAINST DEFENDANTS

72. Plaintiff repeats and realleges paragraphs 1 through 72 as though fully set forth herein.

73. Defendants violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice by using fraud, deception, and misrepresentation in their attempts to collect on the subject consumer debt.

74. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

75. Defendants' attempts to collect on the subject debt are part of the "conduct of any trade or commerce" as defined by the ICFA, 815 ILCS 505/1(f).

76. Defendants' repeated collection activity, despite their inability to legally do so, represents the use of deception, fraud, and false pretense in an attempt to collect a debt.

77. Defendants had actual knowledge that Plaintiff had discharged his obligation on the subject consumer debt through the Bankruptcy Case. Despite this knowledge, Defendants deceptively continued to collect on the subject consumer debt.

78. Defendants intended that Plaintiff rely on their illegal conduct in order to procure payment of the subject consumer debt.

79. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

80. The ICFA states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

81. As pled in paragraphs 47 through 53, Plaintiff has suffered damages as a result of Defendants' unlawful conduct. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a.

WHEREFORE, Plaintiff, DARRYL WEBB, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in amounts to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: October 31, 2016	Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com